**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL J. RUDDY and CHERILYNN M. RUDDY, | CIVIL ACTION NO. 3:11-CV-1100 |
| Plaintiffs, | (JUDGE CAPUTO) |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court are the Defendants' Motion to Dismiss of Plaintiff's Complaint, (Doc. 9), and their Motion to Substitute the United States of America as the Sole Defendant as to Counts I, III, V, VI, and VII of the Complaint, (Doc. 8). For the reasons below, the Court will dismiss Plaintiff's libel and slander claims (Count III) for lack of subject matter jurisdiction. Plaintiff's false light and infliction of emotional distress claims (Count V) will be dismissed for failure to state a claim, but leave to amend will be given. All claims for punitive damages under the FTCA will be stricken. Further, the Court will grant Defendants' Motion to Substitute the United States as to Counts I, III, V, VI, and VII of the Complaint, as well as Count II.

**I. BACKGROUND**

Plaintiff alleges the following. Plaintiff Michael J. Ruddy at all relevant times was a loyal employee of the Untied States Post Office in Scranton, Pennsylvania. His wife, Cherilynn M. Ruddy, is also a Plaintiff in this matter. Defendants include the United States of America; the United States Postal Service; the United States Postmaster General John E. Potter; the Postmaster of the Scranton Post Office, Linda Shall; several Scranton Post

Office supervisors, including Brian Tucker, Christopher Pugliese, Lisa Bansa, Diane Passerilli, and Rick Dickson; as well as Holly Shope, who was a manager at the Scranton Post Office. (Am. Compl. at ¶¶ 7-16, Doc. 1).

Ruddy's supervisors implemented a series of malicious actions which were designed to force him to resign. These conditions were not imposed on any other employees. Supervisor Dickson consistently singled out Ruddy, insisting that he sort mail at a rate beyond what was required by policy in order to have him leave work earlier. (*Id.* at ¶¶ 36-37). Furthermore, Dickson threatened on three occasions, against policy, to shadow Ruddy for an entire day. Sometime in November of 2006, this harassment caused Ruddy to sweat and panic. The stress was causing health issues, requiring Ruddy to see a doctor. Eventually, an incident of harassment forced a meeting between Dickson and Ruddy with a Union Steward present. At that meeting, Ruddy told Dickson "I want the harassment to stop," to which Dickson replied "why don't you bid out of my unit." (*Id.* at ¶¶ 41-44).

While Dickson harassed Ruddy about seventy-five percent (75%) of the time, this percentage increased to ninety percent (90%) when Temporary Supervisor Passerilli took over as Ruddy's supervisor. (*Id.* at ¶¶ 48-51). Ruddy was inspected six times by his superiors, and other mail carriers asked Ruddy why Passerilli was psychologically attacking him. (*Id.* at ¶¶ 57-58). On March 18, 2009, Passerilli intimidated Ruddy, watching him as he arrived at work. Five minutes later, she approached Ruddy at his station, instructing him to assist on another employee's mail route. Ruddy explained that this was not possible, and asked to speak to a Union Steward. Ruddy then found himself at Passerilli's desk, surrounded by Defendants Shall, Tucker, Passerilli and one other unidentified supervisor. Ruddy began to sweat, developed chest pain and shortness of breath, and experienced

2

"dagger like pain going through his back and tingling in his left leg." (*Id.* at ¶ 69). Plaintiff phoned his wife, in front of the group, who agreed to call his doctor. Ruddy then retrieved medication from his vehicle, which had been prescribed for workplace stress. Ruddy's Doctor, after being delayed by Defendants, finally made contact with Ruddy, advising him to go to the hospital, which he did. Throughout the entire ordeal, Ruddy requested a Union Steward three or four times, although none was provided. Moreover, Defendants Tucker and Passerilli carefully watched Ruddy to ensure that he did not contact a Union Steward.[1] As a result of these events, the Union filed two grievance that were settled in Ruddy's favor. (*Id.* at ¶ 121).

As a result of the March 18th events, Ruddy filed an injury claim with the U.S. Department of Labor, Office of Workers' Compensation Programs (OWCP). In challenging Ruddy's OWCP claim, several Defendants made defamatory and libelous statements against him. Specifically, Defendant Shope wrote that Ruddy had been in a rehabilitation facility for alcohol abuse. (*Id.* at ¶ 127). Defendant Bansa stated that she had observed Ruddy in 2007 and 2008 with glassy eyes and the smell of alcohol. (*Id.* at ¶ 130). Defendant Pugliese also said Ruddy smelled of alcohol. None of those Defendants had previously filed any reports or taken any action on those allegations. Ruddy's co-workers and customers have never smelled alcohol on his breath. As a result of their reports, the U.S. Postal Service questioned Ruddy about potential alcohol abuse.

Ruddy claims that the Defendants caused him to suffer emotional distress, humiliation, anxiety, embarrassment, depression, loss of enjoyment of life, and pain and

---

[1] It is alleged that management sought to keep such union stewards away from carriers on the floor. (*Id.* at ¶ 32).

3

suffering.  (*Id.* at ¶ 143).  As such, Ruddy was prevented from performing his work, was caused to have a physical and psychological breakdown, and was forced to retire early. Plaintiffs claim violations of the Federal Tort Claims Act, and assert state-law claims for conspiracy; invasion of privacy; constructive discharge; libel and slander; intentional infliction of emotional distress; and loss of consortium.  Defendants have moved to dismiss, on various grounds, which will be elaborated below.  They also seek to substitute the United States as the sole Defendant on all claims excepting conspiracy (Count III) and constructive discharge (Count IV).  The motion has been fully briefed and is ripe for review.

## **DISCUSSION**

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).  Detailed factual allegations are not required.

4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211. Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension*

*Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

**II. Subject Matter Jurisdiction under the Federal Tort Claims Act (FTCA)**

Defendants argue that the Court lacks subject matter jurisdiction over Ruddy's claims for libel and slander (Count III), invasion of privacy (Count V), and intentional Infliction of emotional distress (Count VI). They urge the Court to dismiss these claims pursuant to Federal Rule 12(b)(1) for lack of subject matter jurisdiction.

The United States and its agencies are immune from suit unless immunity is waived. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Without such consent, there is no subject matter jurisdiction. 1 Fed. Proc., L. Ed. § 1:432. The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)). However, "[c]laims stemming from intentional torts generally are excluded from the Government's waiver of sovereign immunity under 28 U.S.C. § 2680(h)." *CNA v. United States*, 535 F.3d 132, 148 (3d Cir. 2008). In fact, the FTCA specifically states that sovereign immunity is not waived for actions "arising out of .

. . libel, [or] slander, . . . ." 28 U.S.C. § 2680(h). While the list of exceptions to the FTCA's waiver of sovereign immunity does not expressly include intentional infliction of emotional distress, "courts have found that the FTCA precludes claims of intentional infliction of emotional distress if they 'arise out' of an enumerated 'exception' under the FTCA." *McCluskey v. U.S.*, Civil Action No. 10-694, 2010 WL 4024717 at 8 (W.D. Pa. Oct. 12, 2010). This also applies to claims of invasion of privacy. *Borawski v. Henderson*, 265 F.Supp.2d 475, 484 (D.N.J. 2003) (holding that sovereign immunity precludes both invasion of privacy and intentional infliction of emotional distress claims that were "arising out of" defamation and slander).

The Defendants argue that Ruddy's intentional infliction of emotional distress and invasion of privacy claims should be dismissed as based upon the same conduct as his libel and slander claim. The Court does not find this to be the case. Ruddy's libel and slander claim is limited to the "false accusations, innuendos, rumors and outright lies" contained within Defendants' challenges to the OWCP claim. (Am. Compl. at ¶ 154, Doc. 1). However, Ruddy's intentional infliction of emotional distress and invasion of privacy claims are predicated on different matters.

Specifically, Plaintiff's invasion of privacy claims are based on Defendants eavesdropping on his private phone call (intrusion upon seclusion), and on their "giving publicity to the Plaintiff's doctor's statement" (false light). (*Id.* at ¶ 163). Similarly, Ruddy's intentional infliction of emotional distress is based on the months of systemic harassment alleged above, not the singular instance of alleged libel in the OWCP challenges. While the sufficiency of these claims will be evaluated below, it cannot be said that any of these "arise out of" the libel and slander claimed. As intentional infliction of emotional distress and

7

invasion of privacy are allowable claims under the FTCA insofar as they do not actually arise out of libel or slander, the Court finds that they are not barred by sovereign immunity. Of course, it is clear that Ruddy's libel and slander claim (Count III) is barred by sovereign immunity and will be dismissed.[2]

Finally, to any extent that Ruddy's invasion of privacy claims do stem from the alleged libel and slander, they are inappropriate. In his Brief, Ruddy states that his invasion of privacy claims are related to "unsubstantiated allegations of drinking on the job." (Doc. 14 at 23). While the invasion of privacy claims will ultimately be dismissed for failing to state a claim, the Court notes that they are additionally inappropriate to any extent that they "arise out of" the prohibited slander and libel claim.

### III. Punitive Damages

Punitive damages are clearly disallowed under the FTCA. 28 U.S.C. § 2674; *Richards v. United States*, 369 U.S. 1, 13 n.28 (1962) ("the claimant cannot obtain punitive damages under the Act, even though state law may provide for it as against a private defendant"). Therefore, all claims for punitive damages in Counts I, V, VI, and VII will be stricken.

### IV. Failure to State a Claim

Defendants contend that Ruddy has failed to state a claim on three of his tort claims. The FTCA "allows plaintiffs to bring claims based on the action of Government employees when private persons engaging in analogous behavior would be liable under state law."

---

[2]In finding Plaintiff's libel and slander claims barred by the FTCA, the Court declines to address whether the Defendants' statements made in opposition to Ruddy's OWCP were subject to immunity.

8

*CNA v. United States*, 535 F.3d 132, 138 (3d Cir. 2008); *Molzof v. United States*, 502 U.S. 301, 305 (1992) (finding "the extent of the United States' liability under the FTCA is generally determined by reference to state law."). Ruddy must therefore adequately plead each of his tort claims as a function of Pennsylvania law.[3]

### A. Intrusion Upon Seclusion

Ruddy alleges intrusion upon seclusion in his claim for invasion of privacy (Count V). This claim is based on Defendants Shall, Passerilli, Tucker, and an unidentified female supervisor listening to Ruddy's phone call with his wife, which relayed personal health information. (Am. Compl. at ¶ 162). Intrusion upon seclusion requires "an intentional intrusion upon the seclusion of [Plaintiff's] private concerns which was substantial and highly offensive to a reasonable person, and aver sufficient facts to establish that the information disclosed would have caused mental suffering, shame or humiliation to a person of ordinary sensibilities." *Boring v. Google Inc.*, 362 Fed. Appx. 273, 279 (3d Cir. 2010) (quoting *Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co.*, 570 Pa. 242, 809 A.2d 243, 247 (Pa. 2002)). The Defendants allege that there are no allegations in the complaint that the phone call was private nor that it was conducted in a private place.

The Court finds that Ruddy has not properly pleaded a sufficient claim for intrusion upon seclusion under Pennsylvania law. Ruddy simply avers the Defendants "stood by and listened to [his] private conversation with his wife which contained personal information about his health." (Am. Compl. at ¶¶ 77-81, 162, Doc. 1). From these facts, there is no

---

[3] To the extent Defendants argue that Ruddy has overall failed under the FTCA to plead any "negligent or wrongful act or omission of any employee," 28 U.S.C. § 2679(b)(1), the Court strongly disagrees, finding the Complaint is replete with such alleged actions.

9

indication that Defendant's conduct was intentional, as Ruddy's phone call appears to have been voluntarily conducted in their presence. Similarly, Ruddy does not allege that he had a reasonable expectation of privacy in placing his phone call, which is also a requirement for an intrusion upon seclusion. *Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 260 (3d Cir. 2004) (citing *Harris v. Easton Pub. Co.*, 483 A.2d 1377, 1383 (Pa. Super. Ct. 1984)). Finally, Ruddy makes no claim that such conduct would have been highly offensive to a reasonable person. In failing to plead these particular elements, the Court cannot conclude that Ruddy has sufficiently crafted a claim for intrusion upon seclusion. As such, this claim will be dismissed and leave to amend will be given.[4]

**B. False Light**

Defendants also argue that Ruddy's false light claim fails to properly plead a cause of action. False light requires "publicity that unreasonably places the other in a false light before the public." *Mzamane v. Winfrey*, 693 F.Supp.2d 442 (E.D. Pa. 2010) (quoting *Rush v. Phila. Newspapers, Inc.*, 732 A.2d 648, 654 (Pa.Super.Ct.1999)). Ruddy's false light claim is confined to his singular averment that the "Defendants individually jointly and severally gave publicity to the Plaintiff's doctor's statement regarding Plaintiff's health."

---

[4] Of course, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted). Furthermore, Federal Rule of Civil Procedure 15(a) directs the Court to "freely give leave when justice so requires." This principle applies equally in situations where a Plaintiff does not affirmatively seek a leave to amend, though a court may ultimately dismiss if the Plaintiff does not submit such an amended pleading. *Phillips*, 515 F.3d at 245. As the Court believes leave to amend would not necessarily be futile, the Court will afford Plaintiffs an opportunity to amend their Complaint.

(Am. Compl. at ¶ 163). This is a conclusory legal statement that finds no support within the Complaint. Instead, Ruddy's Complaint merely states that Defendants "listened while Plaintiff spoke to his wife on the phone concerning his health issues." (Am. Compl. at ¶ 77). There are no specific factual allegations to support such a claim. Plaintiffs are required to plead "the who, what, when, where and how: the first paragraph of any newspaper story." *Institutional Investors Group v. Avaya, Inc.*, 564 F.3d 242, 253 (3d Cir. 2009) (citation omitted). Here, Ruddy fails to allege any particular content that was overheard, nor does he explain who, when, where and how such content was overhead. The Court will therefore dismiss Ruddy's false light claim but will grant leave to amend.

### C. Intentional Infliction of Emotional Distress

Defendants further argue that Ruddy's pleadings fail as to his intentional infliction claim. Such a claim requires that: "(1) the conduct of the defendant must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; (4) that distress must be severe." *Pacheco v. Golden Living Center-Summit*, No. 3:10-cv-1641, 2011 WL 744656 at *6 (M.D. Pa. Feb. 23, 2011) (citing *Hoy v. Angelone*, 456 Pa.Super. 596, 691 A.2d 476, 482 (1997)). Extreme conduct must "go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized society." *Ruder v. Pequea Valley School Dist.*, 790 F.Supp.2d 377, 398 (E.D. Pa. 2011) (quoting *Strickland v. University of Scranton*, 700 A.2d 979, 987 (Pa.Super.Ct.1997)).

The Defendants argue that Ruddy fails to show such conduct in his Complaint. The Court disagrees. The Complaint sufficiently alleges malicious behavior to survive a motion to dismiss. The pattern of harassment Ruddy complains of–outlined above–spanning months and driving Plaintiff to the point of physical and psychological breakdown is

sufficient as extreme conduct going beyond the bounds of decency. The Court denies Defendants' Motion to Dismiss on this claim.

## V. Issue Preclusion

Defendants contend that Ruddy's claim for constructive discharge and conspiracy are precluded by his earlier action in this Court. Issue preclusion occurs when: "(1) the issue presented in a later action is identical to the one decided in a prior action; (2) the prior action resulted in a final judgment on the merits; (3) the parties against whom issue preclusion is sought are the same or are in privity; and (4) the party against whom preclusion is sought had "a full and fair opportunity to litigate the issue in the prior action." *Straker v. Deutsche Bank Nat. Trust*, No. 3:09-cv-338, 2011 WL 398374 at *4, (M.D. Pa. Feb. 03, 2011) (Caputo, J.) (citing *Rue v. K-Mart Corp.*, 552 Pa. 13, 713 A.2d 82, 84 (Pa.1998)).

Ruddy brought a prior action based on the same set of facts, and the Defendants contend that Ruddy received a final judgment on the merits as to conspiracy and constructive discharge. *Ruddy v. USPS*, No. 3:09-cv-1984 (M.D. Pa. 2011) (Caputo, J.). The Court does not agree. In the prior action, the Magistrate Judge determined that Ruddy's Conspiracy claim was to be dismissed without prejudice for failing to meet the *Twombly* and *Iqbal* standard, and this Court adopted that Recommendation. That did not constitute a decision on the merits. Further, the Court determined that Ruddy failed to exhaust his administrative remedies in regard to his constructive discharge claim and dismissed. However, exhaustion of administrative remedies is "not a determination of the claim, but rather a refusal to hear it, and the plaintiff may thereafter pursue it in an appropriate forum or when the preconditions have been met." 18 James Wm. Moore,

Moore's Federal Practice § 131.30(3)(b) at 104 (3rd ed.2008). Therefore, as neither of these issues were decided on the merits, the Court holds that issue preclusion does not apply in this action.

**VII. Motion to Substitute the United States as Sole Defendant as to Counts I, III, V, VI, and VII of the Complaint**

The United States believes it alone is the only proper Defendant as to Counts I, II, V, VI and VII of Ruddy's Complaint.

The FTCA as modified by the Federal Employees Liability Reform and Tort Compensation Act of 1988 provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). Once the Attorney General issues such certification, "the employee is dismissed from the action and the United States is substituted as defendant. The case then falls under the governance of the Federal Tort Claims Act (FTCA)." *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417, 419-20 (1995). The Attorney General has delegated this certification authority to the United States Attorneys. 28 C.F.R. § 15.3; *Brumfield v. Sanders*, 50 F.Supp.2d 381, 384 (M.D. Pa. 1999).

The United States attests that this authority rests with Mark E. Morrison, the Chief of the Civil Division for the United States Attorney's Office for the Middle District of Pennsylvania. (Doc. 10 at 6). As such, Morrison certifies that all individual defendants "were acting within the scope and course of [their] employment as employees of the USPS

13

at all times relevant to the allegations raised in the complaint." (Doc. 8-2 at 5). Ruddy does not contest Defendants' Motion and the Court will substitute the United States as the sole Defendant as to those particular Counts.  Instead, Ruddy argues that the claims of Conspiracy and Constructive discharge should also be deemed as solely against the United States. (Doc. 12 at 17).

Constructive discharge is not a tort, but "a judicially-created method of indirect proof by which plaintiff may show that he was fired despite the impression of voluntariness created by his own resignation." *Garrett v. Firestone Tire & Rubber Co.*, No. Civ. No. 88–0708, 1989 WL 6620 at *4 (D.N.J. Jan. 09, 1989); *Knabe v. Boury Corp.*, 114 F.3d 407, 408 n.1 (3d Cir. 1997) ("constructive discharge . . . is not a separate ground for relief, but rather would factor into the damages); *Smith v. Akstein*, 408 F. Supp. 2d 1309, 1324 n.17 (N.D. Ga. 2005) ("This Court is not aware of, and the parties have not presented, any authority suggesting that constructive discharge is a separate cause of action under federal law."). As constructive discharge does not itself constitute a tort, it does not fall within the purview of the FTCA.  The Court will therefore decline to substitute the Untied States as the sole party for that claim.

The Court will, however, substitute the United States as the sole party for the conspiracy claim. Pennsylvania recognizes civil conspiracy as an independent tort and the Court sees no reason that it is not within the purview of the FTCA.  *Denenberg v. American Family Corp.*, 566 F. Supp. 1242, 1252 (E.D. Pa. 1983) (citing *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979)); *see e.g. Berkeley - Dorchester Counties Econ. Dev. Corp. v. United States HHS*, 395 F. Supp. 2d 317 (D.S.C. 2005) (upholding the substitution of the United States on a conspiracy claim under 28 U.S.C. § 2679(d)(1)).

Therefore, the United States will be substituted as the sole defendant as to the Conspiracy claim as well.

## **CONCLUSION**

For the reasons above, the Court will dismiss Plaintiff's claim as to libel and slander (Count III) for lack of subject matter jurisdiction. His invasion of privacy claims (Count V) will be dismissed for failure to state a claim, but leave to amend will be given. All claims for punitive damages under the FTCA will be stricken. Further, the Court will grant Defendants' Motion to Substitute the United States as to Counts I, III, V, VI, and VII of the Complaint, as well as Count II. An appropriate Order follows.


 November 21, 2011                                                           /s/ A. Richard Caputo
Date                                                                                    A. Richard Caputo
                                                                                           United States District Judge

15

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. RUDDY and CHERILYNN M. RUDDY,<br><br>　　　Plaintiffs,<br><br><br>UNITED STATES OF AMERICA, et al.<br><br>　　　Defendants. | CIVIL ACTION NO. 3:11-CV-1100<br><br>(JUDGE CAPUTO) |

## ORDER

　　**NOW**, this 21st day of November, 2011, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 9) is **GRANTED** in part and **DENIED** in part as follows:

　　(1)　Plaintiff's libel and slander claim (Count III) is **DISMISSED**.

　　(2)　Plaintiff's claims for false light and intrusion upon seclusion (Count V) are **DISMISSED**. Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint on these claims.

　　(3)　All claims for punitive damages in Counts I, V, VI, and VII are **STRICKEN**.

　It is **FURTHER ORDERED** that the United States of America's Motion to Substitute as the Sole Defendant as to Counts I, III, V, VI, and VII is **GRANTED** as follows:

　　(1)　The Motion is **GRANTED** as to all requested Counts to the extent they remain in the action.

　　(2)　The Court further substitutes the United States as the sole Defendant as to Count II of the Complaint (conspiracy).


　　　　　　　　　　　　　　　　　　　　　　　 /s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge