IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. RUDDY and CHERILYNN M. RUDDY, | CIVIL ACTION NO. 3:11-CV-1100 |
| Plaintiffs, | (JUDGE CAPUTO) |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

**MEMORANDUM**

Before the Court is Defendants' Partial Motion for Reconsideration (Doc. 17) of the Court's November 21, 2011 Order granting in part and denying in part Defendants' Motion to Dismiss of Plaintiffs' Complaint. For the reasons below, the Motion will be denied.

## I. Background

This action arises from Plaintiff Michael J. Ruddy's employment with the Untied States Post Office in Scranton, Pennsylvania. His wife, Cherilynn M. Ruddy, is also a Plaintiff in this matter. Defendants include the United States of America; the United States Postal Service; the United States Postmaster General John E. Potter; the Postmaster of the Scranton Post Office, Linda Shall; several Scranton Post Office supervisors, including Brian Tucker, Christopher Pugliese, Lisa Bansa, Diane Passerilli, and Rick Dickson; as well as Holly Shope, who was a manager at the Scranton Post Office. (Compl. at ¶¶ 7-16, Doc. 1).

Ruddy alleges that his supervisors implemented a series of malicious actions which were designed to force him to resign. Specifically, Ruddy claims that the Defendants caused him to suffer emotional distress, humiliation, anxiety, embarrassment, depression, loss of

enjoyment of life, and pain and suffering. (*Id.* at ¶ 143). As a result, Ruddy was prevented from performing his work, was caused to have physical and psychological breakdowns, and was forced to retire early. On June 8, 2011, Ruddy and his wife filed a Complaint against the Defendants for their conduct. Defendants motioned to dismiss the claim (Doc. 9), which the Court granted in part and denied in part in a November 21, 2011 Order (Doc. 16). After that Order, Plaintiffs' remaining claims included a federal claim under the Federal Tort Claims Act, as well as state-law claims for conspiracy, constructive discharge, intentional infliction of emotional distress, and loss of consortium. However, pursuant to my Order, Plaintiffs have filed an Amended Complaint (Doc. 22) which again alleges invasion of privacy claims.

In my November 21, 2011 Order, I held that Ruddy's constructive discharge and conspiracy claims were not barred by issue preclusion. The Defendants argued that these two claims had been previously decided on the merits in *Ruddy v. USPS (Ruddy I)*. No. 3:09-cv-1984, 2011 WL 1043339 (M.D. Pa. Mar. 18, 2011) (Caputo, J.), *aff'd*, No. 11-1906, 2011 WL 6450477 (3d Cir. Dec. 23, 2011). I did not agree with that argument and held that those two claims were not barred by issue preclusion. On December 1, 2011, Defendants filed a Motion for Reconsideration of that determination. (Doc. 17). The Motion is now ripe for the Court's review.

## II. Discussion

### A. Legal Standard

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight

(28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa.1999).

B.   **Issue Preclusion**

In my November 21, 2011 Order (Doc. 16), I denied Defendants' Motion to Dismiss of Plaintiffs' claims for constructive discharge and conspiracy in finding that those claims were barred by issue preclusion. Issue preclusion occurs when: "(1) the issue presented in a later action is identical to the one decided in a prior action; (2) the prior action resulted in a final judgment on the merits; (3) the parties against whom issue preclusion is sought are the same or are in privity; and (4) the party against whom preclusion is sought had 'a full and

fair opportunity to litigate the issue in the prior action.'" *Straker v. Deutsche Bank Nat. Trust*, No. 3:09-cv-338, 2011 WL 398374 at *4, (M.D. Pa. Feb. 03, 2011) (Caputo, J.) (citing *Rue v. K-Mart Corp.*, 552 Pa. 13, 713 A.2d 82, 84 (Pa.1998)). In 2009, in *Ruddy I*, the Ruddys brought an earlier action based on the same set of facts and as against the same defendants, but on a different mix of legal theories. In that action, I dismissed Plaintiffs claims, including those for conspiracy and constructive discharge. In the instant action, the Defendants argue that these two claims are now issue precluded as a result of my earlier dismissal, an argument I rejected in my November 21, 2011 Memorandum. Pursuant to Defendants' Motion, I will now reconsider issue preclusion as to these two separate causes of action below.

1. **Issue Preclusion as to Conspiracy**

In my November 21, 2011 Memorandum, I held that my dismissal of Ruddy's conspiracy claim in *Ruddy I* for failing to meet the *Twombly* and *Iqbal* pleading standards[1] was not a decision on the merits for the purpose of issue preclusion. Defendants agree with this determination and do not seek reconsideration of that ruling. However, Defendants today argue that in denying leave to amend in *Ruddy I,* the dismissal for failure to plead became a decision on the merits. Specifically, Defendants argue that "[i]f Ruddy is permitted to proceed with his conspiracy claim in this case, he is thwarting this Court's prior ruling and is in essence amending his complaint by filing it again in this subsequent action." (Defs.'

---

[1] Of course, these standards refer to the Supreme Court's decisions in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In pertinent part, these cases stand for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

4

Mot. at 7, Doc. 18).

I do not agree with this argument. Leave to amend was expressly denied in *Ruddy I* because Plaintiffs failed to submit an amended complaint in compliance with Local Rule 15.1.[2] This determination was in no way on the merits, nor was it based on a finding that such leave to amend "would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir.2008). Moreover, if it were my intention that these claims be precluded, I would have dismissed the action with prejudice—"[t]he primary meaning of 'dismissal without prejudice,' . . . is dismissal without barring the defendant from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). Therefore, I cannot hold that allowing Ruddy to re-file his conspiracy claim would flaunt the Court's earlier Order. More importantly, I cannot hold that finding no issue preclusion in my earlier Order was a clear error of law or will work a manifest injustice. Therefore, I will decline Defendants' Motion to Reconsider on the Conspiracy claim.

2. **Issue Preclusion as to Constructive Discharge**

In my November 21, 2011 Memorandum, I held that dismissing the constructive discharge claim in *Ruddy I* for failure to exhaust administrative remedies was not issue precluded as it was "not a determination of the claim, but rather a refusal to hear it." (Mem. at 12, Doc. 16 (citing 18 James Wm. Moore, Moore's Federal Practice § 131.30(3)(b) at 104 (3rd ed.2008))). This analysis, however, was founded on my interpretation of Ruddy's constructive discharge claim as an element of a claim made under the Age Discrimination

---

[2]Local Rule 15.1 requires that a party seeking leave to amend attach a full proposed amended pleading including "a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type."

in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., or the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701. As I stated in my November 21, 2011 Memorandum, constructive discharge in this context is not a tort, but "a judicially-created method of indirect proof by which plaintiff may show that he was fired despite the impression of voluntariness created by his own resignation." *Garrett v. Firestone Tire & Rubber Co.*, No. Civ. No. 88–0708, 1989 WL 6620 at *4 (D.N.J. Jan. 09, 1989); *Knabe v. Boury Corp.*, 114 F.3d 407, 408 n. 1 (3d Cir.1997) ( "constructive discharge ... is not a separate ground for relief, but rather would factor into the damages); *Smith v. Akstein*, 408 F.Supp.2d 1309, 1324 n. 17 (N.D.Ga.2005) ("This Court is not aware of, and the parties have not presented, any authority suggesting that constructive discharge is a separate cause of action under federal law.").

My analysis was incorrect. In light of the briefs submitted in response to Defendants' Motion for Reconsideration and my subsequent review of the issue, it has become clear that Ruddy's constructive discharge claim actually seeks to proceed as a state-law tort action. In his brief, Ruddy admits that he never exhausted his administrative remedies with the Equal Opportunity Employment Commission as "it was not based upon discrimination but rather the treatment he was subjected to and the denial of union representation." (Pls.' Br. at 3, Doc. 21). In fact, this is exactly the sort of conduct envisioned by the Pennsylvania courts: "[c]onstructive discharge of an at-will employee may serve as a basis for tort recovery if the employer has made working conditions so intolerable that an employee has been forced to resign." *Helpin v. Trs. of the Univ. of Pa.*, 969 A.2d 601, 614 (Pa. Super. Ct. 2009) (quoting *Highhouse v. Avery Transp.*, 660 A.2d 1374, 1376 (Pa. Super. 1995)). Therefore, as there is no federal cause of action for discrimination in the instant matter which would require establishing constructive discharge, I will construe Ruddy's claim for constructive

6

discharge as a state-law tort claim. Further, as this particular claim was not addressed in *Ruddy I*, Defendants Motion for Reconsideration seeking to bar this claim as issue precluded will be denied.

## Conclusion

For the reasons stated above, Defendants' Motion for Reconsideration (Doc. 17) will be denied. An appropriate order follows.

February 15, 2012
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge